**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JUANITA JIMENEZ, an individual, | Case No. 2:22-cv-00843-ART-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| SMITH'S FOOD & DRUG CENTERS, INC.; JASON OWENS; DOE STORE MANAGERS I through X; DOE STORE EMPLOYEES I through X; DOE OWNERS I through X; DOE PROPERTY MANAGERS I through X; DOE MAINTENANCE EMPLOYEES I through X; DOE EMPLOYEES I through X; ROE PROPERTY MANAGEMENT COMPANY XI through XX; ROE MAINTENANCE COMPANIES XI through XX; ROE OWNERS XI through XX; ROE EMPLOYERS XI through XX; DOES XXI through XXV; AND ROE CORPORATIONS, XXV through XXX, inclusive, jointly and severally, | |
| Defendants. | |

Pending before the Court is Defendant Smith's Food & Drug Centers, Inc.'s ("Smith's" or "Defendant") Motion for Rule 37 Sanctions (ECF No. 13). The Court has considered Defendant's Motion, Plaintiff's Opposition (ECF No. 16), and Defendant's Reply (ECF No. 17).

**I.      Background**

In its Motion, Smith's seeks an Order from the Court sanctioning Plaintiff for failing to disclose and then intentionally concealing material evidence about her medical history. ECF No. 13 at 1. Specifically, Smith's seeks case dispositive sanctions against Plaintiff or alternatively: (i) Plaintiff's entire claim for right shoulder, left knee, and right knee injuries be excluded as elements of damages; (ii) Plaintiff pay all of Defendant's expert fees and costs; (iii) Plaintiff pay all of Smith's fees and costs incurred in defending against Plaintiff's claims; (iv) Plaintiff supplement all of her Rule 36 responses in which she denied her alleged injuries were pre-existing and, (v) if Plaintiff is permitted to continue to prosecute her case, all sanctions ordered by the Court must be satisfied before Plaintiff can proceed with this litigation. *Id.* at 15-16. Defendant bases its Motion on the fact

that it located medical records Plaintiff did not disclose despite the fact that these records show Plaintiff was treated for her right shoulder pain, left knee pain, and right knee pain less than four months prior to her slip and fall at Smith's.  *Id.* at 2-3.  Plaintiff did not disclose this information in her responses to Smith's Interrogatories, responses to Smith's Requests for Admissions, in her Rule 26 disclosures, or at her deposition.  *Id.* at 5-9.[1]  Smith's also demonstrates Plaintiff did not tell the health care providers from whom she sought treatment for injuries allegedly caused by the slip and fall about the treatment sought and received for the same body parts only four months earlier.  *Id.* at 12-15.  Further, there is no dispute Plaintiff did not reveal her relevant medical history to her retained expert.  ECF No. 17 at 5-6.

Plaintiff responds to Defendant's Motion claiming she unintentionally "misspoke" when responding to Smith's discovery requests and when giving deposition testimony.  ECF No. 16 at 3. Plaintiff contends her memory of treatment prior to her fall at Smith's was not precise because she was impacted by the COVID pandemic and a divorce.  *Id.* at 4.  Plaintiff also submits her discovery responses were supplemented demonstrating she was previously injured and that she produced authorizations for her undisclosed medical history.  *Id.* at 4.  Plaintiff argues (i) she cured any prejudice to Smith's rendering case terminating sanctions inappropriate; (ii) public policy favors disposition of cases on the merits; (iii) she is willing to sit for a second deposition; (iv) her error was unintentional; and (v) case terminating sanctions are inappropriate as they are reserved for malicious and intentional conduct where prior sanctions were awarded.  *Id.* at 9.  Plaintiff contends Smith's has not shown it incurred additional expert fees or costs due to her erroneous testimony; any determination on attorneys' fees and costs should be made after a full and final adjudication of all claims; and the requested supplementation of Rule 36 responses regarding pre-existing injuries requires expert medical opinions, which precludes sanctions on this basis.  *Id.* at 10-13.  Lastly, Plaintiff argues Smith's counsel did not attempt to remedy any alleged prejudice before seeking

---

[1]     Plaintiff eventually supplemented her Interrogatories, though her supplement still provided incomplete information as to the extent of her injuries prior to the slip and fall at Smith's.  *See* ECF No. 13-9 at 2-11; ECF No. 13-5 at 2-4; ECF No. 13-6 at 2-3.

dismissal; thus, it was unnecessary for Smith's to bring its Motion, and Smith's should not be awarded any fees or costs against Plaintiff. *Id.* at 13.

Smith's argues in reply that Plaintiff willfully concealed her medical history in order to inflate her damages award. ECF No. 17 at 4. Smith's points out that Plaintiff worked in the insurance industry and knew the medical history she omitted was relevant and significant to her claims in this case. *Id.* at 4-5. Smith's submits Plaintiff purposefully sought care from a doctor, other than the doctor she saw four months prior, thus further allowing her to conceal her prior injury to and treatment for the same body parts. *Id.* at 5. These facts, together with Plaintiff's failure to provide a full medical history to her medical expert, demonstrate Plaintiff intentionally concealed her relevant medical history. *Id.* at 5-7. Smith's says there is no meaningful way to remedy this situation other than dismissal. *Id.* at 7.

**II.    Discussion**

A.    <u>The Request to Sanction Plaintiff By Dismissing Her Complaint Is Denied</u>.

The Court has broad discretion regarding the type and degree of discovery sanctions it may impose. *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 844 (9th Cir. 1976). Federal Rule of Civil Procedure 37 allows for imposition of any remedy the Court determines is "just." *Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 207 (1958); *see also Marquis v. Chrysler Corp.*, 577 F.2d 624, 641-642 (9th Cir. 1978). Within this broad scope, the Court considers that Plaintiff was obligated to provide complete and accurate initial disclosures as well as truthful responses to all discovery requests propounded on her by Defendant. Fed. R. Civ. P. 26(g). Moreover, as the responding party, Plaintiff had a unilateral duty to timely supplement and correct initial disclosures and discovery responses when she learned that, in some material respect, her disclosures or responses were incomplete or incorrect. Fed. R. Civ. P. 26(e). Plaintiff's failure to fulfill these obligations, given the nature of the information withheld, is sanctionable.

However, "[b]efore imposing the harsh sanction of dismissal, the district court must weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) public policy favoring

disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Anheuser-Busch, Inc. v. Nat. Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995) (citations omitted). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a ... dismissal sanction. Thus the key factors are prejudice and the availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir.1990).

Plaintiff's excuse for failing to disclose treatment she received at Nevada Orthopedic & Spine Center for knee and shoulder pain until after Defendant independently uncovered this evidence is that she "misspoke" and did not remember, which is unconvincing at best. Plaintiff works in insurance and has experience working in worker's compensation. ECF No. 17-3 at 3-4. Plaintiff's relevant work history belies the notion that she would forget medical treatment received just four months before her alleged injuries arising from a fall at Smith's. Further, even if one were to believe Plaintiff initially forgot about her prior injuries and treatment when responding to written discovery, there is no explanation for why at no point thereafter, and especially during deposition, her memory was not refreshed. The totality of the tangible evidence presented does not support the reasonable inference that Plaintiff's memory failed her throughout this litigation because of COVID or a divorce.

Prejudice is presumed from an unreasonable delay, and the burden to show actual prejudice shifts to the party seeking the sanction only after the responding party has given a nonfrivolous excuse for the delay. *Hernandez v. City of El Monte*, 138 F.3d 393, 400-01 (9th Cir. 1998). Plaintiff's delay is unreasonable in light of approximately 9 months of discovery, including written requests, depositions, and expert disclosures. Plaintiff asserts "the world was going through the COVID-19 pandemic" (ECF No. 16 at 4), but does not address how the pandemic would have impacted her memory so drastically. And, Plaintiff also does not provide any explanation for why, despite working for the Venetian and The Hartford in an insurance role (ECF No. 17-3 at 3-4), she forgot about her very recent treatment for the same body parts she claims were injured in her slip-and-fall. Moreover, while Plaintiff was "going through a divorce," ECF No. 16 at 4, she provides no dates to support why this would reasonably result in a complete loss of memory regarding (1) severe pain and corticosteroid shots in her right shoulder and knees, (2) X-Rays of her right shoulder

4

and knees, (3) the diagnosis of a "probable rotator cuff tear" of her right shoulder and a referral for an MRI, and (4) and diagnosis of bilateral degenerative joint disease in her knees. *See* ECF No. 13-5 at 2-4; ECF No. 13-6 at 2-3. While Plaintiff claims she has cured and offers additional curative measure that eliminates Defendant's prejudice (ECF No. 16 at 6-7), the belated production of medical records and an offer to be re-deposed to correct sworn testimony are inadequate.

The Court finds Plaintiff's admitted failure to disclose recent, relevant medical history and medical records impeded the fair, expeditious resolution of this case. Plaintiff's discovery responses (including Interrogatories signed under penalty of perjury and inaccurate responses to Requests for Admissions) as well as sworn deposition testimony were plainly erroneous. Plaintiff's memory lapse unquestionably impacted the validity of her medical expert's opinion. In contrast to Plaintiff's claim that she supplemented her discovery responses, the fact remained that, as of the date of Smith's Reply, Plaintiff had not corrected responses to Requests for Admissions or fully supplemented interrogatory responses.[2] All told, Plaintiff's lack of candor about undisputed relevant recent medical treatment to her shoulder and knees unnecessarily lengthened and complicated the litigation in this case indisputably to Defendant's prejudice.

If the Court anticipated "continued deceptive misconduct" by Plaintiff, the rejection of lesser sanctions might be appropriate. *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007) (citation omitted). However, here, the Court does not find support for the conclusion that Plaintiff will continue in her failures to ensure compliance with Federal Rules of Civil Procedure, candor to the Court, and cooperation with Defendant. The Court has not issued prior discovery related sanctions or otherwise warned Plaintiff her misconduct could result in serious consequences such as dismissal. *See Valley Eng'rs Inc. v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (discussing the availability of less drastic sanctions, this factor considers "whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the

---

[2]     Although Plaintiff's supplemental interrogatory responses identify Nevada Orthopedic & Spine as a medical provider, the responses fail to indicate Plaintiff underwent X-Rays of her right shoulder and knees or that Plaintiff was diagnosed with a "right shoulder probable rotator cuff tear" for which a right shoulder MRI was ordered. ECF Nos. 13-5 and 13-6. It is unclear whether Plaintiff underwent the MRI on her shoulder ordered by Nevada Orthopedic & Spine, but, if so, neither the MRI provider nor the associated records were disclosed.

recalcitrant party about the possibility of dismissal.").  And, despite the Court's concern, the Court does not find Plaintiff's conduct was so willful and intentional that it cannot fashion less drastic sanctions appropriate to the issues presented.  *Anheuser-Busch*, 69 F.3d at 348 (in order for dismissal to be proper, the conduct sanctioned must be due to "willfulness, fault, or bad faith.").

In sum, and based on the foregoing, the Court finds dismissal is not an appropriate sanction for Plaintiff's conduct.

B.    Sanctions Under Rule 37(c)(1) Are Awarded.

Federal Rule of Civil Procedure 37(c)(1) states: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e)" the Court may order payment of the reasonable expenses, including attorney's fees, caused by the party's failure as well as other "appropriate sanctions." Fed. R. Civ. P. 37(c)(1)(A), (c)(1)(C).   The Court is also empowered to: (1) "[direct] the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims;" (2) "[prohibit] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;" (3) "[strike] pleadings in whole or in part;" (4) "[stay] further proceedings until the order is obeyed;" (5) "[dismiss] the action or proceeding in whole or in part;" (6) "[render] a default judgment against the disobedient party;" or (7) "[treat] as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(c)(1)(C); Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).  Here, the Court exercises its authority to fashion sanctions under Fed. R. Civ. P. 37(c)(1)(A) and (C).

The Court finds Plaintiff violated Rule 26(a) and 26(e) when she misrepresented relevant medical history that occurred just four months before her slip and fall at Smith's.  Thus, the Court finds Plaintiff's violations of these Rules provide a sound basis to award certain lesser sanctions.  In sum, the evidence first shows that as of the date Plaintiff filed her response to Defendant's Motion, Plaintiff had not supplemented her responses to Defendant's Requests for Admissions and had insufficiently supplemented her Interrogatories.  ECF No. 17 at 7.  Second, Plaintiff's deposition testimony was materially inaccurate regarding her prior injuries and treatment for those injuries. Third, Plaintiff's expert based her causation opinion on a materially incomplete medical history.

Fourth, Defendant's medical expert received Plaintiff's full relevant medical history but only after the expert report was produced and, thus, had inaccurate information on which to base fully informed opinions. ECF No. 13 at 4. To cure all of these failures, resulting in delay and increase fees and costs, is not as simple as signing a release and sitting for another deposition. The Court therefore finds the following sanctions are appropriate.

1.  Defendant may re-depose Plaintiff no later than twenty-one (21) days after the date of this Order. Plaintiff must pay Defendant's actual cost for a copy of the deposition transcript. The court reporter's bill for the deposition transcript will be sufficient evidence of that cost. Plaintiff must pay that cost to Defendant within ten (10) days of the date Plaintiff receives a copy of the court reporter's bill;

2.  Defendant may supplement its expert report no later than thirty-five (35) days after the date of this Order;

3.  Defendant will provide Plaintiff with an itemized statement of its medical expert's fees and costs associated with supplementation of the report within fifteen (15) days of service of that report, which service may be accomplished by email. Plaintiff must reimburse Defendant for the reasonable costs associated with supplementing Defendant's medical expert report no later than thirty (30) days after the supplemental report is served. If there is a dispute regarding the costs associated with the supplemental expert report, the parties **must** contact the undersigned's chambers advising of the same at which time the Court will issue an additional order. No motions need be filed;

4.  Plaintiff's medical expert may **not** supplement her report;

5.  If Defendant's medical expert supplements his report, Plaintiff may depose Defendant's expert within thirty (30) days of service. Plaintiff will pay all costs for the expert's appearance at deposition;

6.  Within seven (7) days of the date of this Order, Plaintiff, to the extent she has not already done so, must supplement and/or amend all discovery responses where she denied or failed to disclose previous medical care related to the same or similar body parts she claims were injured as a result of her alleged slip and fall; and

7.  Plaintiff must pay the reasonable fees and costs associated with Smith's preparation of its Motion for Sanction, review of the Opposition, and preparation of the Reply. Defendant must submit a memorandum of fees and costs associated with the award of the same. Defendant's memorandum must detail the activities, hours spent (in tenths of hours), and the rate charged by each attorney who worked on the topic. Appropriate redactions from billing records for attorney client privilege and/or work product may be made for the public filing with non-redacted copies of such records filed under seal. Defendant must submit its memorandum within 45 days after Defendant re-deposes Plaintiff or Plaintiff deposes Defendant's expert, whichever occurs later. Plaintiff will have 10 days to file a response, if any is desired. No reply shall be permitted by Defendant.

C.      <u>Sanctions Under Rule 37(c)(2)</u>.

Defendant argues Plaintiff's denials in response to Defendant's Requests for Admissions 13, 15, 16, and 18 are sanctionable under Federal Rule of Civil Procedure 37(c)(2).  ECF No. 13 at 10, 13-14.  The Court finds Requests for Admissions 13, 16, and 18 are not proven true by the medical records Defendant uncovered.  While the medical records indicate Plaintiff received medical treatment for knee and shoulder pain approximately four months prior to the incident, these records alone do not definitively demonstrate the medical care Plaintiff received after she fell in Smith's is solely related to conditions predating the fall.  That said, the medical records do show "prior to the incident at S[mith's, [Plaintiff] received medical treatment or care . . . for similar injuries, that [Plaintiff] claim[s] were caused or aggravated by the incident at SMITH'S."  Request for Admission No. 15, ECF No. 13-10 at 5.  Specifically, the medical records Defendant uncovered show Plaintiff presented to Nevada Orthopedic & Spine Center on November 21, 2019 complaining of left knee pain and "a great deal" of right shoulder pain, and again on November 26, 2019 complaining of severe intermittent bilateral knee pain.  ECF Nos. 13-5 at 2-4, 13-6 at 2-3.  These are "similar injuries" to those Plaintiff alleges in her Complaint.  ECF No. 1-1 at 7.  The medical documents Defendant uncovered proved Defendant's Request for Admission No. 15 true.  This is adequate basis for sanctions under Federal Rule of Civil Procedure 37(c)(2) allowing for reasonable expenses, including attorney's fees, incurred in establishing that proof.  However, any sanction for this failure is subsumed in the sanctions identified above.

**III.   Order**

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Rule 37 Sanctions (ECF No. 13) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the sanctions stated above in Section II are adopted as the Order of the Court.

IT IS FURTHER ORDERED that discovery is reopened for the limited purposes identified in this Order.  Discovery is closed for all purposes except as expressly stated herein.

Dated this 18th day of September, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE